JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
RYAN R. BECKSTROM (Utah Bar No. 14593)
*rbeckstrom@kmclaw.com*
**KIRTON MCCONKIE**
1800 Eagle Gate Tower
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff Infinity Headwear & Apparel, LLC*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| INFINITY HEADWEAR & APPAREL, LLC, an Arkansas limited liability company,<br><br>        Plaintiff,<br>vs.<br><br>ALLSTAR PRODUCTS GROUP, LLC, a New York limited liability company,<br><br>        Defendant. | **COMPLAINT**<br><br>Case No.: 2:15-cv-00078-BSJ<br><br>Judge: Bruce S. Jenkins<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Infinity Headwear & Apparel, Inc. ("Infinity"), by and through its undersigned counsel of record, hereby complains against Defendant Allstar Products Group, LLC ("Allstar") as follows.

## PARTIES

1. Infinity is an Arkansas limited liability company with its principal place of business in Rogers, Arkansas.

2. Allstar is a New York limited liability company with its principal place of business at 2 Skyline Drive, Hawthorne, NY 10532.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement under Title 35, United States Code.

4. This Court has Subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) as Allstar has committed the acts of patent infringement complained of herein in this District. Allstar has solicited business in the State of Utah, transacted business in the State of Utah, and attempted to derive financial benefit from residents of the State of Utah, including benefits directly related to the instant patent infringement cause of action set forth herein.

6. Allstar has placed its infringing goods, systems, methods, compositions, and/or services, including, without limitation, the Bright Eyes Blanket product ("Infringing Product"), into the stream of commerce throughout the United States, which goods, systems, methods, compositions, and/or services have been offered for sale, sold, and/or used in this District.

7. Allstar, directly or through its subsidiaries, divisions, groups, or distributors, has committed acts of infringement in this District, is subject to personal jurisdiction in this District, and/or is doing business in this District.

## FACTUAL BACKGROUND

8. Infinity is a leading manufacturer, merchandiser, and marketer of innovative consumer products.

9. Infinity has over 15 years of experience in designing, developing, and sourcing high quality products for many of the world's leading retailers and consumer product companies.

10. Infinity is committed to the acquisition and protection of its proprietary rights, including its patent and other intellectual property rights.

11. Among many products, Infinity is the creator of the highly successful and innovative ComfyCritters huggable hooded blanket, available at www.mycomfycritters.com.

12. The ComfyCritters product was first introduced to the market in 2011.

13. Allstar is the maker of the Infringing Product. The Infringing Product is sold at, among other places, Walmart and Walgreens and on the Home Shopping Network and Amazon.com.

14. The Infringing Product is advertised as, among other things, a blanket that is able fold up into a pillow.

## FIRST CLAIM FOR RELIEF
Infringement of United States Patent No. 8,864,544

15. On October 21, 2014, U.S. Patent No. 8,864,544 ("the '544 Patent"), entitled "Hooded Blanket and Stuffed Toy Combination," a copy of which is attached hereto as Exhibit A, was duly and legally issued by the United States Patent and Trademark Office.

16. Infinity is the owner by assignment of the '544 Patent, including the right to sue

for and recover all past, present, and future damages for infringement of the '544 Patent.

17. Upon information and belief, Allstar, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe the '544 Patent by making, using, selling, and/or offering to sell, or allowing others to make, use, sell, and/or offer to sell, in the United States and/or this District, goods, systems, methods, compositions, and/or services that are covered by one or more of the claims of the '544 Patent, including, without limitation, the Infringing Product.

18. Allstar is liable for infringement of the '544 Patent under 35 U.S.C. § 271.

19. Allstar's acts of infringement have caused damage to Infinity, and Infinity is entitled to recover from Allstar the damages sustained by Infinity as a result of Allstar's wrongful acts in an amount to be proven at trial.

20. As a consequence of the infringement complained of herein, Infinity has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Allstar is enjoined by the Court from committing further acts of infringement.

21. Upon information and belief, one or more of Allstar's acts of infringement have been or will be undertaken with knowledge of the '544 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and further entitle Infinity to enhanced damages and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Infinity prays for judgment as follows:

    A.  That Allstar has infringed the '544 Patent;

    B.  Allstar account for and pay to Infinity all damages caused by its infringement of the '544 Patent, and to enhance such damages as appropriate, all in accordance with 35 U.S.C. § 284;

    C.  Infinity be granted permanent injunctive relief pursuant to 35 U.S.C. § 283, permanently enjoining Allstar, its officers, agents, servants, employees, and those persons in active concert or participation with it from further acts of patent infringement;

    D.  That Allstar and its principals, agents, representatives, servants, and employees and any person in active concert or participation with them be ordered to recall and deliver up for destruction all products that infringe the '544 Patent, including, without limitation, the Infringing Product;

    E.  Infinity be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Allstar's patent infringement;

    F.  The Court declare this an exceptional case and that Infinity be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

    G.  Costs be awarded to Infinity; and

    H.  Infinity be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Infinity hereby demands trial by jury as to all issues in this action triable by jury.

DATED this 4th day of February, 2015.

                              Respectfully Submitted,

                              KIRTON McCONKIE

                              By /s/ James T. Burton
                                  James T. Burton
                                  Joshua S. Rupp
                                  Ryan R. Beckstrom
                          *Attorneys for Plaintiff Infinity*
                          *Headwear & Apparel, LLC*